**REISMAN ▪ CAROLLA ▪ GRAN ▪ ZUBA** LLP

19 Chestnut Street
Haddonfield, NJ 08033
P: 856.354.0021
F: 856.873.5640
www.rcglawoffices.com

Catherine Merino Reisman♦
Amelia Carolla*
Judith A. Gran**
Sarah E. Zuba*

♦Admitted in NJ, PA & NY
*Admitted in NJ & PA
**Admitted in PA

catherine@rcglawoffices.com
direct dial 856.354.0071

April 11, 2019

*Via ECF*
The Honorable Noel L. Hillman
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, NJ  08101

      Re:    *K.N., et al. v. Gloucester City Bd. of Educ.*, No. 1-17-cv-07976-NLH-JS
             **Response to Defendant's Motion for Reconsideration (ECF No. 20)**

Dear Judge Hillman:

## I.     INTRODUCTION

This firm represents K.N. and J.N. (Parents) and J.N. in the above-referenced matter. Plaintiffs request that the Court accept this letter brief, in lieu of a more formal submission, in response to Defendant's Brief in Support of its Motion for Reconsideration. ECF No. 20-1. Because Gloucester City Board of Education (Board or District or Gloucester) identifies no clear error of fact or law, the motion for reconsideration should be denied.

## II.     STANDARD FOR MOTION FOR RECONSIDERATION

The comments to Local Rule 7.1(i) "make clear that 'reconsideration is an extraordinary remedy'," granted "very sparingly. L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 U.S. Dist. LEXIS 21312, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003))" *Rich v. New Jersey*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018). "The purpose of a motion for reconsideration 'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Nobel Learning Cmtys.*, No. 17-366, 2018 U.S. Dist. LEXIS 78062, at *9 (D.N.J. May 9, 2018) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

The Board argues that the motion is necessary to correct "a clear error of law and fact." ECF No. 20-1 at 8. In order to prevail, the District must show that "the record cannot support the findings that led to [the] ruling." *Nobel Learning*, 2018 U.S. Dist. LEXIS 78062, at *9 (citation omitted).

To meet this standard, the District "must demonstrate that (1) the holdings on which it

REISMAN CAROLLA GRAN & ZUBA LLP

The Honorable Noel L. Hillman
April 11, 2019
Page 2 of 4

bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* at *9-10 (citations omitted). "Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i)." *Rich*, 294 F. Supp. 3d at 272-273. "Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, *S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003))." *Nobel Learning*, 2018 U.S. Dist. LEXIS 78062, at *10.

### III.   ARGUMENT

#### A. The District Has Identified No Clear Error of Fact or Law Because J.N. Did Present His Claims to the Office of Administrative Law and, In Any Event, There is No Controlling Precedent Requiring Exhaustion of State Law Claims Pursuant to 20 U.S.C. § 1415(*l*)

The Board's submission misstates the record below, arguing that J.N. never raised the New Jersey Law Against Discrimination (NJLAD) before the Administrative Law Judge (ALJ). In fact, Plaintiffs' written closing statement specifically references the NJLAD, as well as Section 504 of the Rehabilitation Act (Section 504) and Title II of the Americans with Disabilities Act (ADA). *See* Declaration of Catherine Merino Reisman, Esquire (*Reisman Decl.*), at ¶ 4 & Ex. 1 at OAL 1029 – OAL 1032.

Further, as a legal matter, the language of the Individuals with Disabilities Education Act (IDEA) does not require exhaustion of state law claims. As this Court correctly recognized in the decision in this case, the only potential source of a need to exhaust NJLAD claims is 20 U.S.C. § 1415(*l*), which provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the [ADA, Section 504], or other <u>Federal</u> laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

There is no controlling state or federal precedent that requires presentation of NJLAD claims in the Office of Administrative Law for IDEA-eligible children. *See D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp.2d 484, 503 n.7 (D.N.J. 2008) ("IDEA's exhaustion requirement does not apply to state laws such as the NJLAD"); *J.T. v. Dumont Pub. Schs.*, No. 09-4969, 2012 U.S. Dist. LEXIS 42761, at *59 (D.N.J. March 28, 2012) ("Plaintiffs are correct that the NJLAD claim, unlike the IDEA and Rehabilitation Act claims, does not require exhaustion of

REISMAN CAROLLA GRAN & ZUBA LLP

The Honorable Noel L. Hillman
April 11, 2019
Page 3 of 4

administrative remedies");[1] *Davie v. Barnegat Bd. of Educ.*, 2010 U.S. Dist. LEXIS 27840, at *8-9 (D.N.J. March 24, 2010); *see also Matter of P.S. v. Pleasantville Union Free Sch. Dist.*, 168 A.D. 3d 853, 854-855 (N.Y. Sup. Ct. 2019); *Moore v. Kan. City Pub. Schs.*, 828 F.3d 687, 694 (8th Cir. 2016) ("Section 1415(*l*) does not encompass common law or state law claims in its exhaustion realm"); *Miksis v. Evanston Twp. High Sch. Dist. #202*, 235 F. Supp.3d 960, 986 (N.D. Ill. 2017).

Two cases in this Court have dismissed IDEA claims and then dismissed the state law claims for lack of supplemental jurisdiction (not on exhaustion grounds). *See A.P. v. Allegro Sch., Inc.*, 2017 U.S. Dist LEXIS 164371, at *10 (D.N.J. Sept. 29, 2017) *E.K. v. River Dell Reg'l Sch. Dist. Bd. of Educ.*, No. 11-00687, 2015 U.S. Dist. LEXIS 38933, at *17-18 (D.N.J. March 26, 2015). *E.P. v. North Arlington Bd. of Educ.*, No. 17-8195, 2019 U.S. Dist. LEXIS 55443, at *35-36 (D.N.J. Apr. 1, 2019) dismissed Section 504, ADA, and NJLAD claims without prejudice pending remand of the IDEA claim. *E.P.* did not need to address whether exhaustion of NJLAD claims was necessary (because the plaintiff had presented the NJLAD claim to the ALJ) but did note that ALJs do not have jurisdiction of and cannot rule on these claims. *See id.* at *9 n.2. There is one non-precedential[2] state court case requiring exhaustion in these circumstances. *See L.W. v. Egg Harbor Twp.*, 2015 N.J. Super Unpub. LEXIS 479 (App. Div. 2015).

Notwithstanding the foregoing, in an abundance of caution, J.N. did argue the NJLAD to the ALJ in his written closing statement,[3] even though IDEA imposes no such requirement and the ALJ could not rule on those claims. Equally importantly, there is no dispute that the Board had notice of the NJLAD claim when the Complaint was filed in this action. *See* ECF No. 1 at ¶¶ 1, 8, 12, 15, 28, 29, 35(c), 36-48. In fact, the Board addressed the NJLAD claim in its response to plaintiffs' motion for judgment on the administrative record. ECF No. 14.

In short, the District had notice of the NJLAD claim below and in this Court. Accordingly, the Court has not overlooked any dispositive fact. Further, as discussed in the next section, the District's legal argument – that IDEA imposes upon school-age children a state law exhaustion requirement that applies to no other class of individual enforcing their civil rights under state law – is entirely without merit.

---

[1] The federal court dismissed J.T.'s NJLAD claims for lack of supplemental jurisdiction. The Superior Court of New Jersey decided J.T.'s NJLAD claims notwithstanding the fact that he had not exhausted those claims administratively. *See J.T. v. Dumont Pub. Schs.*, 103 A.3d 269, 281-285 (N.J. Super. App. Div. 2014).

[2] *R.* 1:36-3 of the New Jersey Court Rules provides: "No unpublished opinion shall constitute precedent or be binding upon any court.".

[3] The petition for due process, filed in January 2015 (two months before the non-precedential *L.W.* decision), does not mention the NJLAD. It does, however, seek an "order providing such other relief as is necessary and proper." OAL 000022 (ECF No. 10-2 at 14). Pursuant to that clause, and cognizant of *L.W.*, J.N. presented his NJLAD claims to the ALJ when he filed his written closing in March 2017. *See Reisman Decl.*, at ¶¶ 2-4 & Ex. 1, OAL 1029-1032. In light of the District's concession that the ADA, Section 504, and the NJLAD all rely upon the same analytical framework, ECF No. 14 at 9, it is difficult to see what prejudice occurred because the petition for due process did not specifically cite the NJLAD, but asserted 504/ADA claims which require application of the same standard.

REISMAN CAROLLA GRAN & ZUBA LLP

The Honorable Noel L. Hillman
April 11, 2019
Page 4 of 4

### B. Section 1415(*l*) Does Not Justify Imposition of a Greater Exhaustion Burden Upon IDEA-Eligible School Children Than Upon Any Other NJLAD Complainant

NJLAD complainants, in the ordinary course, are entitled to proceed directly to court without exhausting administrative remedies anywhere. *Rodriguez v. Raymours Furniture Co., Inc.*, 225 N.J. 343, 358 n.3 (2016). The Board attempts to stretch Section 1415(*l*) to not only require exhaustion of state law claims but to require IDEA-eligible children to commence administrative proceedings in the Division of Civil Rights when *no other NJLAD complainant is so constrained*.

Such a holding would frustrate the very purpose of the law. Congress passed Section 1415(*l*), entitled the Handicapped Children's Protection Act (HCPA), to expand, rather than diminish the rights of children with disabilities. *See* Brief for Amici Curiae Council of Parent Attorneys and Advocates, Inc. and Advocates for Children of New York, *In the Matter of P.S. and L.S. v. Pleasantville Union Free Sch. Dist.*, available at http://bit.ly/psamicus, at 10-14. It is wholly inconsistent with both the statutory language and purpose of the HCPA to hold that IDEA-eligible children are the *only* NJLAD complainants who must invoke the Act's administrative procedures in the Division of Civil Rights.

Finally, contrary to the District's contention, allowing students to proceed on their NJLAD claims in federal court does not deprive school district defendants of the right to a jury trial or the right to discovery. *See* ECF No. 20-1 at 7. When presented with a Complaint that includes an NJLAD claim, a defendant can demand a jury trial pursuant to Fed. R. Civ. P. 38(d). In this case, the District did not. The Board also participated with counsel in creating a Joint Discovery Plan, filed with the Court on January 2, 2018. The parties agreed that no discovery was necessary. *See Reisman Decl.* at ¶ 6 & Ex. 2; ECF No. 7. Having foregone the opportunity for a jury trial and discovery, the District has no basis for complaint.

### IV. CONCLUSION

Based on the foregoing, plaintiffs respectfully submit that the motion for reconsideration should be denied.

Respectfully submitted,

*s/ Catherine Merino Reisman*

Catherine Merino Reisman

cc:   Brett E.J. Gorman, Esquire (by ECF)
      K.N. & J.N. (by email)