UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.N. and J.N., on behalf of J.N., | 17-07976-NLH-AMD |
| Plaintiffs, | **OPINION** |
| v. | |
| GLOUCESTER CITY BOARD OF EDUCATION, | |
| Defendant. | |

**Appearances:**

CATHERINE MERINO REISMAN
REISMAN CAROLLA GRAN & ZUBA LLP
19 CHESTNUT STREET
HADDONFIELD, NJ 08033-1810

    *Counsel for Plaintiffs*

BRETT E. J. GORMAN
PARKER MCCAY PA
9000 MIDLANTIC DRIVE
SUITE 300
MT. LAUREL, NJ 08054

    *Counsel for Defendant*

**HILLMAN**, District Judge

## Background and Procedural History

The relevant factual and procedural history of this matter is set forth in this Court's previous Opinion, K.N. v. Gloucester City Bd. of Educ., 379 F. Supp. 3d 334 (D.N.J. 2019),

1

and need not be fully repeated. This Court previously found that the Defendant Gloucester City Board of Education ("District") had violated Section 504, the ADA, and the NJLAD by (1) failing to provide J.N. meaningful access to the after-school program ("ASP"); and (2) subjecting J.N. to unnecessary social isolation.

After this determination, the Court found that Plaintiffs "have not provided the Court with (1) appropriate briefing on the remedies available in this type of action; and (2) if compensatory education is the appropriate remedy, record evidence supporting the amount of hours J.N. has been deprived of meaningful access and the rate at which each hour should be charged." Id. at 355.

This Court highlighted that Plaintiffs merely asserted, "without citation to the record, that J.N. was deprived of a certain amount of hours and that an appropriate rate per hour would be $80.00." Id. For this reason, the Court ordered the parties to file supplemental briefing addressing: (1) what remedies are appropriate under law; (2) whether damages are available; (3) the appropriate legal measure of damages in a case such as this; and (4) whether Plaintiffs should be considered a prevailing party, and whether, if so, Plaintiffs should be allowed attorneys' fees. Id.

**Analysis**

### A. Compensatory Education in the Form of a Trust is an Appropriate Remedy

Plaintiffs argue compensatory education is an appropriate remedy in this case and that one accepted form of compensatory relief is the establishment of a fund to be expended for such services for the benefit of J.N.  Plaintiffs argue the "broad remedial mandate of Section 504 and the ADA mirrors that of the IDEA, and the New Jersey legislature has emphasized that the NJLAD should be read liberally to allow the courts to award all appropriate damages."  (ECF No. 30 at 8.)  Plaintiffs also highlight that courts within the Third Circuit have "affirmed awards of compensatory education as a remedy specifically for claims under Section 504."  (Id. at 9.)  For these reasons, Plaintiffs contend the most appropriate relief in this case is for money to be set aside to provide J.N. with services.  (Id. at 10.)

In response, the District does not dispute that compensatory education is the appropriate remedy.  However, the District argues the appropriate form of compensatory education is services to be provided by the District through the IEP team.  (ECF No. 31 at 5.)  The District explains that this Court is not bound to order monetary relief and explained that the appropriate award is for additional services to be provided by J.N. as determined by the I.E.P. team.  (Id.)  The District

3

argues the I.E.P. team should be provided with specific hours to allocate to J.N. throughout the remainder of his education at the District.  (Id.)

Plaintiffs respond that they are not arguing the Court's power is limited to awarding monetary damages and instead their argument is that the establishment of a fund to be spend on the child's education is an appropriate remedy.  (ECF No. 35 at 1.) Plaintiffs further argue that "even for a violation of the [IDEA], it is not appropriate to delegate the determination of appropriate compensatory education services to the [I.E.P.] team."  (Id.)  This Court agrees with Plaintiffs and conclude the most appropriate remedy is compensatory education in the form of a trust.

"Compensatory education is crucial . . . and the courts, in the exercise of their broad discretion, may award it to whatever extent necessary to make up for the child's lost progress and to restore the child to the educational path he or she would have traveled but for the deprivation." G.L. v. Ligonier Valley Sch. Dist. Auth., c, 625 (3d Cir. 2015) (citing D.F. v. Collingswood Borough Bd. of Educ., 694 F.3d 488, 498-99 (3d Cir. 2012)).  "It is well settled that compensatory education is an equitable remedy that is available only after a parent has proven that a child has been denied FAPE or the benefits of school." Perrin v. Warrior Run Sch. Dist., No. 13-2946, 2015 WL 6746306, at *15

4

(M.D. Pa. Sept. 16, 2015) (citing M.C. ex rel. J.C. v. Central Regional Sch. Dist., 81 F.3d 389, 397 (3d Cir. 1996)).  The Third Circuit has held "[o]ne accepted form of compensatory education relief is the establishment of a fund to be spent on the child's education."  D.F. v. Collingswood Borough Bd. of Educ., 694 F.3d 488, 498 (3d Cir. 2012).  As Plaintiffs highlight, courts within the Third Circuit have affirmed awards of compensatory education as a remedy specifically for claims under Section 504.  See, e.g., Pocono Mt. Sch. Dist. v. T.D., No. 3:15-CV-764, 2018 U.S. Dist. LEXIS 121824, at *16-17 (M.D. Pa. July 20, 2018); Centennial Sch. Dist. v. Phil L. ex rel. Matthew L., 799 F. Supp. 2d 473, 488 (E.D. Pa. 2011).  In Pocono Mt. Sch. Dist., the Third Circuit recently affirmed the district court's award of twenty-six hours of compensatory education under Section 504.  Pocono Mt. Sch. Dist. v. T.D., 790 Fed. Appx. 387, 390 (3d Cir. 2019).

Here it is undisputed by both parties that compensatory education is an appropriate remedy.  The real issue is which form of compensatory education is appropriate.  This Court does not find the District's arguments persuasive that the actual appropriate remedy is to essentially have the very entity that committed the discrimination in the first place create an appropriate remedy for J.N.  Instead, this Court agrees with Plaintiffs that the most appropriate remedy is compensatory

5

education in the form of a special needs trust to be used at the Plaintiffs' elections for J.N.'s reasonable educational, rehabilitative, therapeutic, or recreational programming.

**B. The Proper Amount for a Compensatory Education Fund**

Plaintiffs have submitted a declaration from Dr. Kathleen McCabe-Odri which they believe establishes the hourly rate for the services that the District denied J.N.  Dr. McCabe-Odri declares that the hourly rate at the relevant time was $120 per hour, which consists of two one-to-one Applied Behavior Analysis ("ABA") therapists at $60 per hour.  (ECF No. 30 at 10-11.) Plaintiffs further contend the relevant amount of hours is 810, which consists of 3 hours per day for a total of 270 days, which consists of 90 days for the fall semester of the 2013-2014 school year and 180 days for the entire 2014-2015 school year. (Id. at 11.)

For this reason, Plaintiffs request this Court to order the District to place $97,200 in a trust for J.N.'s reasonable educational, rehabilitative, therapeutic, or recreational programmed to be used at Plaintiffs' election and for such funds to continue to be available to J.N. if funds remain in trust when J.N. reaches the age of 21. (Id. at 11-12.)

In response, the District argues Plaintiffs' proposed rate vastly exceeds the amounts of awards in the cases cited by Plaintiffs and are not related to services that the Court deemed

6

reasonable but instead the specialized services of ABA therapists. (ECF No. 31 at 7.) The District highlights the Court deemed reasonable the accommodation of a special education and a one-to-one aid and not an accommodation of two ABA therapists. The District further argues Plaintiffs are incorrectly using the cost of the ABA therapy services that J.N. has received after the relevant timeframe. (Id.) The District contend the appropriate focus instead should be on what the costs the District would have incurred had it provided the relevant services. (Id. at 8.) The District provides this Court with certification of Paul Whitman, who declares that the actual costs that the District would have incurred for retaining the services of a paraprofessional and/or substitute teacher during the relevant timeframe was $16.06 per hour. (Id.) Accordingly, the District argues had it provided the ASP to J.N. with two paraprofessional aides or a teacher and paraprofessional aide the total cost to the District would have been $26,017.20. The District does not contest the relevant amount of hours is 810.

In response, Plaintiffs argue that the District is seeking to calculate the amounts owed by referencing the cost of inadequately trained and unsupervised staff. (ECF No. 35 at 2.) Plaintiffs argue in order for J.N. to have access to the ASP "he needed the support of an experienced special education teacher,

7

and experienced aide, and for the first six weeks of the semester, an experienced social worker." (Id.) Plaintiffs then direct this Court's attention to the annual salaries available online for full-time special education teacher, aide, and school social worker, along with the relevant hourly rates, in the District. (Id. at 2-3.) Plaintiffs then provide this Court with an adjusted rate of $91,800 and then explains that "Plaintiffs do not assert that either this calculation or the calculation in plaintiffs' original memorandum ($97,200) establishes the amount this Court must award. However, plaintiffs do emphatically assert that the District significantly undervalues the award by ignoring the fact that appropriately trained supports were necessary for meaningful access to the ASP." (Id. at 3.)

In response, the District first points out that at this point Plaintiffs have now asserted three different rates to the Court throughout the course of this litigation. (ECF No. 38 at 4.) The first being in Plaintiffs' Motion for Summary Judgment where Plaintiffs attached a proposed Order seeking a rate of $80/per hour for the compensatory education award calculation, totaling $64,800. This Court rejected this initial rate for failure to cite to any support in the record for calculating such rate. K.N., 379 F. Supp. 3d at 355. The District further explains the newly asserted rates by Plaintiffs are still not

8

applicable because (1) the District "did not pay the contract rate for full-time staff when employing additional support staff for the after school program in the years that it was in existence;" and (2) "[t]here is absolutely no support cited in Plaintiffs' reply brief for the use of these rates to calculate the cost of staffing the after school program." (Id. at 4-5.)

The District explains that the District retained the services of trained and certified professionals through Insight Workforce Solutions, LLC for the relevant services and the rate during the relevant timeframe was for $16.06 per hour. (Id. at 5.) Finally, the District argues Plaintiffs are "now requesting a compensatory education award for accommodations which have not been previously requested, briefed on, or reviewed by this Court" and thus not the reasonable accommodation found by this Court. (Id. at 6.) In addition to focusing on this Court's previous Opinion, the District also focuses on Plaintiffs' own moving papers which provided a calculation for the services for a 2:1 support and made no mention of the need for 3:1 support. (Id. at 7-9.)

This Court ultimately agrees with the District that the appropriate award is $26,017.20. The Third Circuit has held compensatory education "should aim to place disabled children on the same position they would have occupied but for the school district's violations of" federal law. Ferren C. v. Sch. Dist.

9

of Phila., 612 F.3d 712, 717-18 (3d Cir. 2010).  Here, Plaintiffs have failed to cite to anything in the record to suggest one of the three total amounts they have proposed to the court actually reflect the amount the District would have incurred by providing J.N. with the appropriate services.

This Court has already rejected the first amount of $64,800 for failure to cite to anything in the record.  The Court now rejects the second amount of $97,200 because the reasonable accommodation found by this Court was not for services rendered by ABA therapists.  The Court also rejects the third amount of $91,800 because Plaintiffs have failed to point to anything in the record to suggest the full-time rate of the District employees' is actually the amount the District uses for the ASP program, which was the program at issue here.  Finally, this Court additionally finds the third amount inappropriate because the reasonable accommodation found by this Court was based on 2:1 support *not* 3:1 support.  For these reasons, the Court finds the declaration of Dr. McCabe-Odri inapplicable as well as the rates provided in Plaintiffs' reply brief and instead concludes that Mr. Whitman's declaration provides the accurate rates that would place J.N. in the same position he would have been in had he received the appropriate accommodations during the fall 2013 semester and entire 2014-2015 school year.

10

As neither party disputes the relevant amount of hours is 810, this Court finds the appropriate total amount of compensatory education that should be placed in the fund is $26,017.20. Moreover, the District did not object to Plaintiffs' request for the funds to continue to be available to J.N. if funds remain in trust when J.N. reaches the age of 21. Therefore, this Court will accept such request.

### C. Plaintiffs are Prevailing Parties Entitled to Recover Attorney's Fees

Plaintiffs argues they are prevailing parties because they proved the District violated J.N.'s rights under Section 504 and the ADA. (ECF No. 30 at 12-14.) Plaintiffs further argue "the costs for the administrative hearing are recoverable because they had to exhaust administrative remedies on DIEA claims in order to be able to pursue ADA/504 claims in this Court." (Id. at 13.) In response, the District conceded Plaintiffs are prevailing parties. (ECF No. 31 at 11.) However, the District argues Plaintiffs' status as a prevailing party is limited to the claims raised in its appeal only. The District focuses on the fact that the District prevailed on "a vast majority of the underlying matter" between Plaintiffs and the District. (Id. at 11.) The District argues "[t]he 504 issue present here was, in comparison, a tangential issue that was not the focus of the hearing" and that Plaintiffs' demand on the 504 issue likely

exceeds what will actually be ordered by the Court and thus should impact the prevailing party award. (Id.)  The District requests further briefing on the issue because it believes such briefing is necessary to determine a reasonable amount of fees. (Id.)

Plaintiffs respond that this Court should hold that Plaintiffs are prevailing parties and set a schedule for submission of a fee petition and subsequent briefing on this issue. (Id. at 4-5.)  At this point it seems undisputed that Plaintiffs are in fact "prevailing parties" for statutory purposes.  This Court agrees that Plaintiffs are "prevailing parties" and thus may be awarded a certain amount of attorney's fees for succeeding on Plaintiffs' claims in this Court. Moreover, this Court agrees with Plaintiffs that where, as here, a federal statute requires exhaustion, the plaintiff is entitled to fees for administrative proceedings. Ridley v. Costco Wholesale Corp., 217 F. App'x 130 (3d Cir. 2007); Jenkins v. Knowledge Learning Corp., No. 10-5058, 2015 U.S. Dist. LEXIS , at *4-5 (D.N.J. Feb. 3, 2015) ("Defendant also has argued that attorney's fees for administrative proceedings should not be awarded. However, a party alleging a violation of the ADEA must first pursue an administrative remedy prior to bringing suit. Thus, it has been held, since a plaintiff must at least give administrative remedies a chance before commencing an ADEA

12

action in federal court, a fee award under the ADEA may properly include fees for time spent on administrative proceedings that were a prerequisite to the suit. Because the EEOC proceeding was a prerequisite for Plaintiff's claims, the time spent by her attorneys at that administrative level was 'reasonably expended' on the litigation.").

The District does not argue that exhaustion was not required for Plaintiffs' claims and instead argues fees related the administrative hearing should not be awarded because the District prevailed on a the I.D.E.A. portion of the appeal and Plaintiffs never appealed this decision.  The District does not direct this Court's attention to any case law to support this proposition.  The Court finds persuasive the case law that awards attorney's fees connected to administrative proceedings that are a prerequisite to filing suit because such hearings are a necessary precursor to Plaintiffs' ultimate success on their federal claims.  Plaintiffs had to exhaust administrative remedies on the IDEA claims in order to be able to pursue their ADA and Section 504 claims in this Court.  J.A. v. Monroe Twp. Bd. of Educ., No. 18-09580, 2019 U.S. Dist. LEXIS 67507, *11 (D.N.J. Apr. 22, 2019).  As this Court has already concluded, the claims at issue in this litigation "were only brought before the ALJ because of the requirement to exhaust the IDEA claims." K.N., 379 F. Supp. 3d at 344.

13

Nevertheless, the Court, at this time finds merit in the District's argument that the amount of fees owed to Plaintiffs should take into account the fact that supplemental briefing on the remedies issues occurred due the Plaintiffs' failure to provide support for the original demand of a rate of $80/hour to calculate compensatory education. The Court holds Plaintiffs are "prevailing parties" and are thus owed reasonable attorney's fees, which includes reasonable fees incurred during the administrative hearing, which this Court has already held was prerequisite to the Plaintiffs filing suit in this Court.

However, it seems that the parties are in agreement that supplemental briefing on the amount of reasonable fees Plaintiffs are owed is still needed. Accordingly, the Court will order the parties to meet and confer and set a schedule for submission of a fee petition, along with supporting document, and subsequent briefing on the issue of the amount of fees Plaintiffs are owed. The supplemental briefing must be consistent with the directives contained in this Court's Opinion.

## CONCLUSION

For the foregoing reasons, the Court finds the appropriate remedy is compensatory education in the form of a special needs trust, to be used, at Plaintiffs' election, for J.N.'s reasonable educational, rehabilitative, therapeutic, or

14

recreational programming.  The Court finds the appropriate amount of funds to be placed into the trust is $26,017.20. Finally, the Court finds Plaintiffs are prevailing parties, but will grant the parties' request to submit supplemental briefing to determine a reasonable amount of fees.

    An appropriate Order will be entered.

Date: March 24, 2021          s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.