**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

K.N. and J.N., on behalf of        17-7976-NLH-SAK
J.N.,

         Plaintiffs,        **OPINION**

    v.

GLOUCESTER CITY BOARD OF
EDUCATION,

         Defendant.

---

**Appearances:**

CATHERINE MERINO REISMAN
REISMAN CAROLLA GRAN & ZUBA LLP
19 CHESTNUT STREET
HADDONFIELD, NJ 08033-1810

      *Counsel for Plaintiffs*

BRETT E. J. GORMAN
PARKER MCCAY PA
9000 MIDLANTIC DRIVE
SUITE 300
MT. LAUREL, NJ 08054

      *Counsel for Defendant*


<u>**HILLMAN**</u>, District Judge

    This matter comes before the Court on motion of Plaintiffs

seeking attorneys' fees from Defendant Gloucester City Board of

Education ("Board").  (Motion for Attorneys' Fees, Docket Number

44).  The relevant factual and procedural history of this matter

is set forth in this Court's prior Opinions[1] and need not be repeated at length here.  For the reasons expressed below, Plaintiffs' motion will be granted, and Defendant will be ordered to reimburse Plaintiffs in the amount of $100,849.78.

<u>**BACKGROUND**</u>

Plaintiffs filed actions against the Board alleging a series of violations under federal and state antidiscrimination laws related to the school district's ("District") provision of services for an autistic child, J.N., in an after-school program ("ASP").  Specifically, Plaintiffs filed a Petition for Due Process with the New Jersey Office of Special Education Programs, alleging violations of the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act ("Section 504"), and the Americans with Disabilities Act ("ADA").  <u>K.N. v. Gloucester City Bd. Of Educ.</u>, 379 F. Supp. 3d 334, 343 (D.N.J. 2019).  An Administrative Law

---

[1] On March 29, 2019, the Court issued an Opinion and Order [Dkt. Nos. 18 and 19 respectively] granting in part Plaintiffs' motion for summary judgment.  The Court there found that Defendant violated Section 504, the ADA, and the New Jersey Law Against Discrimination ("NJLAD").  On August 27, 2019, the Court issued an Opinion and Order [Dkt. Nos. 28 and 29 respectively] denying Defendant's motion for reconsideration and request that the Court certify its Opinion to allow for interlocutory appeal.  On March 25, 2021, the Court issued an Opinion and Order [Dkt. Nos. 39 and 40 respectively] granting Plaintiffs' request to establish a compensatory special needs trust in the amount of $26,017.20 and finding that Plaintiffs are prevailing parties entitled to recover reasonable attorney's fees.

Judge ("ALJ") ruled in favor of Defendant, finding that
Plaintiff was provided with a free and appropriate public
education ("FAPE") as well as proper ASP with supports in place.
Plaintiffs thereafter initiated the instant action, requesting
that the Court review the ALJ's decision, but only on issues
concerning anti-discrimination laws — specifically Section 504,
the ADA, and the NJLAD.

This Court found that Defendant "violated Section 504, the
ADA, and the NJLAD by (1) failing to provide J.N. meaningful
access to the after-school program []; and (2) subjecting J.N.
to unnecessary social isolation." K.N. v. Gloucester City Bd.
Of Educ., No. 17-09776-NLH-AMD, 2021 WL 1138136, at *1 (D.N.J.
Mar. 24, 2021).  This Court further held that Plaintiffs are
"prevailing parties" entitled to reasonable attorney's fees and
thus instructed the parties to submit supplemental briefing on
the amount of reasonable attorney's fees Plaintiffs are owed.
Id. at **4-5.  As of May 10, 2021, the parties had filed the
instant motion, opposition, and reply papers[2] on the issue of

---

[2] The Court notes that Plaintiffs' reply brief is not properly
formatted as it appears to be single-spaced in Times New Roman
12-point font.  Local Civil Rule 7.2(d) requires that "[e]ach
page of a brief shall contain double-spaced text and/or single-
spaced footnotes or inserts.  Typeface shall be in 12-point non-
proportional font (such as Courier New 12) or an equivalent 14-
point proportional font (such as Times New Roman 14)."  The
Court will not on this occasion reject Plaintiffs' reply papers.
However, as this is the second time Plaintiffs' counsel
submitted an improperly formatted brief, see Reply Brief at Dkt.

attorney's fees.  Plaintiffs' motion is therefore ripe for adjudication.

**DISCUSSION**

## I.   Subject Matter Jurisdiction

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

## II.   Analysis

Plaintiffs are seeking to recover $98,934.74 in attorneys' fees and $1,915.04 in related costs that they claim they are entitled to under both the ADA and Section 504.  Plaintiffs are correct that the Court has the discretion to award attorneys' fees and costs to the "prevailing party" under both Section 504, 29 U.S.C. § 794a(b) ("[T]he court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs"), and the ADA, 42 U.S.C. § 12205 ("[T]he court ..., in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs").  Defendant's opposition brief argues the amount of fees awarded should be dramatically reduced from the amount requested.

### A. Plaintiffs Are Prevailing Parties

---

No. 35, Plaintiffs' counsel is hereafter on notice that failure to adhere to our Local Civil Rules may result in the rejection of a deficient submission.

As the ADA and Section 504 provisions both make clear, to obtain an award of attorneys' fees and costs, Plaintiffs must first demonstrate that they were prevailing parties in this action.  See 29 U.S.C. § 794a(b); 42 U.S.C. § 12205.  Based on the Court's prior ruling, it is both accepted by the parties and established in the record that Plaintiffs are prevailing parties, leaving only the issue of determining what constitutes an award of reasonable attorney's fees to be reimbursed by Defendant.

### B. **Plaintiffs Are Entitled to Reasonable Fees and Costs**

The Court will grant Plaintiffs' fee request.  Overall, the Court finds the request is reasonable under the circumstances.

When calculating an attorney's fee award under the ADA and similar statutes, the "lodestar" method provides the starting point for determining reasonable attorney's fees.  Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001); see also McKenna v. City of Philadelphia, 582 F.3d 447, 455 (3d Cir. 2009) ("The starting point for determining the amount of a reasonable fee is the lodestar approach.") (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  Under the lodestar approach, "court[s] determine[] an attorney's lodestar award by multiplying the number of hours he or she reasonably worked on a client's case by a reasonable hourly billing rate for such services given the geographical area, the nature of the services provided, and the

experience of the lawyer." S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP, 927 F.3d 763, 773 (3d Cir. 2019) (quoting Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 195 n.1 (3d Cir. 2000)).

A district court may discount any hours that it deems unreasonable, including those considered to be "excessive, redundant, or otherwise unnecessary." See Hensley, 461 U.S. at 433. Although the Court has substantial discretion to determine what constitutes a reasonable rate and reasonable hours, once the lodestar is determined, it represents the presumptive reasonable fee. Lanni, 259 F.3d at 149. "The prevailing party bears the burden of establishing by way of satisfactory evidence, in addition to [the] attorney's own affidavits ... that the requested hourly rates meet this standard." School District of Philadelphia v. Kirsch, 722 F. App'x. 215, 229 (3d Cir. 2018) (quoting Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001)). "The party normally satisfies this burden by submitting the affidavits of other attorneys in the relevant community, attesting to the range of prevailing rates charged by attorneys with similar skill and experience. P.G. v. Brick Twp. Bd. of Educ., 142 F. Supp. 2d 251, 261 (D.N.J. 2000) (citing S.D. v. Manville Bd. Of Educ., 989 F. Supp. 649, 656 (D.N.J. 1998)).

"[O]nce the fee petitioner 'submit[s] evidence supporting

6

the hours worked and rates claimed,' the party opposing the fee application has the burden to challenge the reasonableness of the requested fee." J.L. v. Harrison Township Bd. of Educ., No. 14-2666 (RMB/JS), 2017 WL 1954535, at *2 (D.N.J. May 11, 2017) (quoting McKenna, 582 F.3d at 459). If sufficiently specific objections to the requested fees are raised, "a district court 'has a great deal of discretion to adjust the fee award in light of those objections.'" Id. (quoting Taylor v. USF-Red Star Exp., Inc., 212 F. App'x. 101, 111 (3d Cir. 2006)).

### 1. Counsels' Hourly Rates Are Reasonable

To calculate Plaintiffs' lodestar, the Court must first evaluate the hourly rates claimed for Plaintiffs' counsel. At this stage, "a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001) (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)). In determining a reasonable hourly rate, courts will "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community[3] for similar services by lawyers of reasonably comparable skill, experience,

---

[3] The Court notes that Plaintiffs' counsel's firm is Reisman Carolla Gran Zuba LLP. The firm is located in Haddonfield, New Jersey — a South Jersey Borough in the Philadelphia Metropolitan Area. Thus, the Court finds that the relevant legal market is the Philadelphia Metropolitan Area.

and reputation."

Plaintiffs have put forth the following hourly rates used in their lodestar calculations: $545 per hour for Catherine Merino Reisman, a partner; $500 per hour for Amelia Carolla, a partner, and $100 per hour for Connie Tracey and Tina Tilton, both paralegals.[4]  The Board only disputes Carolla and Reisman's hourly rates.

Plaintiffs first direct the Court to consider the rates published by Community Legal Services, which demonstrate that Plaintiffs' requested rates are either average or well below average for attorneys with the numbers of years of experience they each have.[5]  (Motion Brief at 7-9).  The Court finds this argument compelling as "[t]he fee schedule established by Community Legal Services, Inc. ("CLS") 'has been approvingly

---

[4] Carolla worked 0.5 hours, and paralegals Connie Tracey and Tina Tilton worked 2.5 and 1.8 hours respectively.  Thus, the majority of time billed is attributed to Reisman, who worked at least 190 hours.

[5] Reisman has practiced law for at least 32 years and has specialized in special education law for approximately 23 years. The Community Legal Services' Attorneys Fess Schedule for the Philadelphia legal market sets forth a range of: (1) $550-640 per hour for an attorney with 21-25 years' experience, and (2) $650-700 per hour for an attorney with more than 25 years' experience.  Therefore, Reisman's requested rate of $545 not only falls within the fee schedule, but the rate is also below the minimum range regardless of how her years of experience are calculated.  Likewise, Plaintiffs' requested rate of $500 for Carolla, who has practiced law for approximately 26 years and specialized in education law for at least 21 years, is well within (and again below) the range of Community Legal Services' Attorney Fee Schedule.

8

cited by the Third Circuit as being well developed and has been found ... to be a fair reflection of the prevailing market rates.'" Maldonado v. Houstoun, 256 F.3d 181, 187 (3d Cir. 2001) (quoting Rainey v. Philadelphia Housing Auth., 832 F. Supp. 127, 129 (E.D. Pa. 1993)); see also Rhodes v. Marix Servicing, LLC, No. CV121636MASDEA, 2020 WL 5760455, at *5 (D.N.J. Sept. 28, 2020) (approving hourly rates based on CLS fee schedule).  Accordingly, the CLS fee schedule supports Reisman's $545 rate and Carolla's $500 rate as reasonable hourly rates in the relevant legal market.

In further support of the requested rates, Plaintiffs also emphasize Reisman and Carolla's experience in special education law.[6]  (Motion Br. at 6-9).  There is no doubting this experience, which is reflected in the record as decades of service as counsel in numerous special education matters, published articles, lectures, and other activities in the realm

---

[6] Upon graduation from Yale Law School in 1989, Reisman was admitted to the bar of the Commonwealth of Pennsylvania in 1989, bar of the State of New Jersey in 2001, and the bar of the State of New York in 2018.  (Reisman Certification ("Reisman Cert.") [Dkt. No. 44-2], at ¶¶ 1-4).  Therefore, Reisman practiced law for approximately 32 years, and she has specialized in special education law since 1999 (approximately 23 years).  (Id. at ¶¶ 1-6).  Carolla graduated from Rutgers School of Law—Camden in 1995 and was admitted to the bars of the State of New Jersey and the Commonwealth of Pennsylvania that same year.  (Id. at ¶ 13). Carolla therefore practiced law for approximately 26 years. Moreover, Carolla began specializing in special education law in 2001 and thus possesses approximately 21 years of experience special education law.  (Id. at ¶ 15).

9

of special education law.  (See Reisman Cert.).  Reisman and
Carolla are founding partners of Reisman Carolla Gran & Zuba
LLP, which they started in 2008.  (Id. at ¶ 7).  The firm
currently bills Reisman and Carolla's services at rates of $545
per hour and $500 per hour respectively.  (Id. at ¶¶ 12, 17).

In line with the requested rate of $545, Reisman has
previously received hourly rates of $525 per hour and $475 per
hour by courts in 2020 and 2017 respectively.  See E.H. v.
Wissahickon Sch. Dist., 2020 WL 6286709, at *12 (E.D. Pa. Oct.
27, 2020); see also Sch. Dist. Of Phila. v. Kirsch, 2017 WL
13180, at *6 (E.D. Pa. Jan. 11, 2017), aff'd in relevant part,
722 F. App'x 215, 230 (3d Cir. 2018).  The Court in E.H. also
approved a $480 per hour rate for Carolla.  E.H., 2020 WL
6286709, at *12.

In addition, Plaintiffs not only base the requested rates
on the prior rates awarded in E.H., but they also seek to add an
approximately 4-5% rate increase since that decision was issued
in 2020.  (Motion Br. at 9).  In support of this rate increase,
Plaintiffs cite to two unpublished opinions from another
district.  See, e.g. Earley v. JMK Assocs., 2020 U.S. Dist.
LEXIS 66176, at **3-4 (E.D. Pa. Apr. 15, 2020) (awarding
attorneys' fees including an annual rate increase of 5%); Jada
H. v. Rivera, 2019 U.S. Dist. LEXIS 94679, at **6-7 (E.D. Pa.
June 6, 2019)(awarding attorneys' fees including a 4% increase,

finding such "an increase . . . is reasonable").  Plaintiffs
note the rate increase is justified as their requested rates are
below the CLS fee schedule and because said schedule has not
been updated since July 1, 2018.  (Motion Br. at 8-9).  The
Court does not disagree and, having not been presented with any
authority to the contrary, finds that, even with a minor 4-5%
adjustment, which is appropriate given the significant and
current inflationary pressures facing the U.S. economy, the
requested rates fall within and below the CLS fee schedule and
are supported by counsels' lengthy, specialized experience.

    While there is already a sufficient basis for the requested
rates based on the CLS fee schedule, Plaintiffs' counsels'
significant experience in the niche field of special education
law, and the fact that courts have awarded counsel similar,
albeit lesser, fees in prior cases, the Court further finds that
Plaintiffs' have met their burden of demonstrating the
reasonableness of the requested rates based on the
certifications and declarations of Reisman and three, local,
established attorneys[7] who specialize in the area of civil rights
and special education.  For example, in support of their motion,
Plaintiffs submit the Declaration of David J. Berney, Esq. a

---

[7] Plaintiffs submitted the Declaration of David J. Berney
("Berney Decl.") [Dkt. No. 44-3], the Certification of John D.
Rue ("Rue Cert.") [Dkt. No. 44-4], and the Certification of
Staci J. Greenwald ("Greenwald Cert.") [Dkt. No. 44-5].

special education practitioner who has worked in this specialized area of law since 1996. (Berney Decl. ¶ 3). Berney notes that he bills his services at $540 per hour, and, in connection with his practice, he has extensively researched the customary billing rates for special education attorneys in the greater Philadelphia metropolitan area. (Id. at ¶¶ 26-32). After reviewing the experience and qualifications of Plaintiffs' counsel, the most recent CLS fee schedule, his own experience, and taking into account recent court decisions regarding fee awards in these types of cases, Berney concludes that Reisman's requested hourly rate of $545 "is reasonable given her reputation, skill, and expertise and what other special education and/or civil rights attorneys of comparable reputation and expertise charge." (Id. at ¶¶ 26-39).

Plaintiffs also submitted the Certifications of Staci J. Greenwald, Esq. and John D. Rue, Esq. Greenwald is a partner at Sussan Greenwald & Wesler with approximately 29 years' experience specializing in special education law. (Greenwald Cert. at ¶¶ 1-3). Greenwald's hourly rate is $465. (Id. at ¶ 4). Greenwald states her familiarity with Reisman, and certifies that "Ms. Reisman's fee [of $545 per hour] is a customary fee charged by other attorneys who specialize in this area and who practice in the community in which this matter arose, and, is reasonable in light of Ms. Reisman's level of

expertise and years in practice." (Id.).

Likewise, Rue, the founder of John Rue & Associates, who possess over a decade of experience in special education litigation and charges an hourly rate of $400, also agrees as to the reasonableness of Reisman's requested rate. (Rue Cert. at ¶¶ 2-13). Rue knows Reisman "through her work as an attorney in the fields of special education and civil rights law [and is] aware of her excellent reputation in these areas." (Id. at ¶ 14). Rue further certifies that, "[a]s an attorney practicing in this field, as a former attorney at a large firm and having personal knowledge of the quality of her legal work, I can state that Ms. Reisman's reduced rate of $545 per hour is more than reasonable, and lower than, the rates of attorneys in our region with similar levels of legal experience." (Id. at ¶ 18). Accordingly, the Court finds that Plaintiffs have presented several bases to satisfy their burden of establishing the reasonableness of the requested rates, particularly as concerns Reisman. See P.G., 142 F. Supp. 2d at 261.

In contrast, the Court holds that Defendant has not met its burden to challenge the reasonableness of the requested rates. Defendant quibbles over the requested rates noting that Reisman's rate is $80 more than Greenwald's rate, even though Reisman possesses only three more years of practice experience than Greenwald. Defendant likewise takes offense that Carolla's

13

rate is $35 more than Greenwald's rate, despite Greenwald possessing three years more experience than Carolla.  However, what these distinctions miss is the fact that Greenwald, Rue, and Berney all attested that Reisman's rate of $545 is reasonable based on the above criteria and in the target legal market.

Moreover, Defendant has not presented any rebuttal declarations, certifications, affidavits, or other sworn statements to challenge Plaintiffs' supporting authorities.[8]  Nor has Defendant attempted to diminish or distinguish Plaintiffs' arguments regarding the intrinsic value of Reisman and Carolla's experience or consideration of the requested rates against the CLS fee schedule.

The sole authority Defendant cites is an unpublished

---

[8] Defendant submitted an outdated Certification, dated January 26, 2016, from Brett E.J. Gorman, Esq. that purportedly lists other attorneys' hourly rates, including Greenwald.  However, this certification is of de minimis value as it is over six years out-of-date and therefore fails to demonstrate current "prevailing rates charged by attorneys with similar skill and experience" in the relevant community.  P.G., 142 F. Supp. 2d at 261.  Defendant likely submitted the certification to state that Greenwald's hour rate has risen from $395 to $465 over five years and to show that Reisman's requested rate, representing an $80 premium over Greenwald's, must somehow be excessive by comparison.  The Court rejects this argument, as stated above, Greenwald explicitly endorses Reisman's requested rate as within the range of "prevailing rates charged by attorneys with similar skill and experience." Id.  If Defendant wanted to rebut Reisman's requested rate or Greenwald's sworn statement, then Defendant should have proffered at least one rebuttal certification.

opinion from another court in this District that awarded fees in a special education matter for hourly rates of $400 and $375. E.I.H. v. Fair Lawn Bd. of Educ., 2021 WL 1153139, at **4-6 (D.N.J. Mar. 25, 2021). However, that case supports Plaintiffs' arguments here, as the court in E.I.H. considered the CLS fee schedule, the fee petitioning attorneys' years of experience, and supporting certifications (including from Greenwald) in reaching the conclusion that the requested rates of $400 and $375 were reasonable. Defendant mistakenly fixates on the fact that the court in E.I.H. awarded fees of $400 per hour as some sort of cap. However, this misses the point that $400 was in fact the requested rate. Nothing in that matter suggests the Court would not have awarded $500 per hour if it had been requested and likewise supported by the record. The E.I.H. court did not find that attorneys possessing 37 years of practice should only be awarded $400 rates. Moreover, the skill differential between Reisman, who has specialized for decades in special education law, and the attorney in E.I.H., who did not specialize for decades in special education law, diminishes the value of this comparison.

Defendant's final arguments are that the requested rates are unreasonable because: (1) Defendant's counsel charges a rate of $175 per hour; and (2) the COVID-19 global pandemic has caused great financial hardship, making Plaintiffs' request for

a 4-5% rate increase distasteful.  Lacking any cited authority, the court rejects these arguments as bald assertions that have no bearing on the instant inquiry as to reasonableness.

The Court, therefore, is satisfied that Plaintiffs' hourly rates are reasonable here.

### 2. Plaintiffs Billed Reasonable Hours

"After a court ascertains a reasonable hourly rate, it must then determine whether the hours that the attorney expended are reasonable."  Machado v. Law Offices of Jeffrey H. Ward, No. 14-7401, 2017 WL 2838458, at *2 (D.N.J. June 30, 2017) (citing Hensley, 461 U.S. at 433–34).  The Court must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'"  Maldonado, 256 F.3d at 184.  The Court will exclude any hours that "were not reasonably expended" from the fee calculation.  Hensley, 461 U.S. at 434 (citation omitted).  "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary."  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  To determine whether the hours expended in this matter are reasonable, "it *is* necessary that the Court 'go line, by line, by line' through the billing records supporting the fee request."  Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001) (emphasis in

16

original).

   "The party seeking attorney[s'] fees has the burden to
prove that its request for attorney[s'] fees is reasonable."
Rode, 892 F.3d at 1183.  "When the fee petitioner has produced
satisfactory evidence for a fee award, the burden shifts to 'the
party opposing the fee to contest the reasonableness of the
hourly rate requested or the reasonableness of the hours
expended.'"  Rhodes, 2020 WL 5760455, at *3 (quoting Apple
Corps. Ltd. v. Int'l Collectors Soc'y, 25 F. Supp. 2d 480, 485
(D.N.J. 1998)).  "If the party opposing the fee petition meets
its burden of proving that an adjustment is necessary, the
[C]ourt has wide discretion to adjust the attorneys' fee ...."
Apple Corps. Ltd., 25 F. Supp. at 480 (citation omitted); see
also Hensley, 461 U.S. at 433 (noting that determining
reasonableness of fees is within the trial court's discretion).

   In cases such as this, the Court "has wide discretion to
adjust the attorneys' fee for a variety of reasons such as
inadequate documentation of hours spent, reasonableness of hours
expended or duplication of efforts."  Apple Corps. Ltd., 25 F.
Supp. 2d at 485 (citing Ursic v. Bethlehem Mines, 719 F.2d 670,
677 (3d Cir. 1983)).  "The Court, however, must be prompted by
the opposing party to review specific charges and cannot make
any adjustments *sua sponte*."  Machado, 2017 WL 2838458, at *2
(citing Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d

694, 711 (3d Cir. 2005)). "The lodestar calculation is presumed reasonable, but the '[C]ourt can adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained.'" Id. (quoting Washington v. Phila. Cty. Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996)).

As mentioned above, Plaintiffs here are seeking attorneys' fees in the amount of $100,849.78 for hours billed by two attorneys and two paralegals. Reisman billed at least 190 hours, Carolla billed 0.5 hours, and paralegals Tracey and Tilton billed 2.5 and 1.8 hours respectively. Plaintiffs have submitted full billing records for each proceeding, which include time entries accounting for the entire time requested.[9]

Plaintiffs claim "[t]he work done at the administrative level, including work related to the IDEA claims, was appropriate, reasonable, and necessary for proper advocacy and the successful prosecution of J.N.'s 504/ADA claims regarding denial of access to the ASP." (Motion Br. at 12). Likewise, Plaintiffs claim "[t]he work done at the federal court level, with the exception of the supplemental briefing on remedies excluded from this motion for attorney's fees, was appropriate,

---

[9] Plaintiffs have already pared down and reduced the requested award as they are not seeking fees for: (1) work related to the supplemental briefing on remedy ($4,064.50); (2) time spent regarding Individualized Education Plan ("IEP") meetings ($6,104.00); and (3) duplicative entries ($381.50).

reasonable, and necessary for proper advocacy and the successful prosecution of J.N.'s discrimination claims." (Id.). And, as set forth above, Berney, Rue, and Greenwald all attested that the total number of hours expended are reasonable. (See, e.g., Berney Decl. at ¶ 39 ("It is my opinion, based on the special education hearings and federal IDEA cases that I have either litigated or supervised, that the total number of hours accrued by Ms. Reisman and her co-counsel are reasonable and may even be on the low side given the complexity of this type of litigation"); Rue Cert. at ¶ 19 ("Based on my review of the records, the time expended by the family's attorneys in the administrative hearing and in the pending litigation to date was reasonable and necessary for a vigorous and capable representation of J.N."); Greenwald Cert. at ¶ 5 ("I believe the fees and expenses charged by Ms. Reisman are very reasonable given the complexity of the matter and the issues addressed")).

The Court has engaged in a searching and detailed review of the billing records submitted by Plaintiffs. There is nothing in the record to suggest the time spent was anything but fair and reasonable.

In opposition, Defendant argues the time spent should be reduced because Plaintiffs achieved only limited success on their claims, taking issue with the hours billed for work prior to the instant federal litigation before this Court. The Court

19

will address Defendant's argument in another section, as
Defendant's argument does not contest the hours billed as
excessive, redundant, or otherwise unnecessary.  Accordingly,
there are no specific challenges to the billing records.  As the
Court does not make adjustments *sua sponte*, the Court finds
Plaintiffs expended reasonable hours that are entitled to
reimbursement by Defendant.  Machado, 2017 WL 2838458, at *2
(citing Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d
694, 711 (3d Cir. 2005)).

In sum as to the lodestar calclulation, Plaintiffs here
submitted fee requests for $100,849.78 for approximately 194.8
hours of work billed (190 hours for Reisman, 0.5 hours for
Carolla, and 4.3 hours for Tracey and Tilton) and expenses.  The
Court has analyzed Plaintiffs' billing entries on a line-by-line
basis, and Defendant does not present any specific challenges to
the hours billed.  The Court therefore finds that Plaintiffs'
counsel reasonably expended approximately 194.8 hours on this
litigation and, based on the respective hourly rates for each
attorney and paralegal and expenses, calculates Plaintiffs'
lodestar as $100,849.78.

### 3. Plaintiffs' Fee Award Will Not Be Reduced

Reaching a reasonable fee award as set forth above is not
the end of the Court's analysis here.  Throughout its opposition
brief, Defendant has repeatedly pushed for another, substantial

20

reduction of Plaintiffs' fees award: Defendant claims that
Plaintiffs achieved only a limited degree of success in this
action, and therefore requests that the Court reduce its
lodestar calculation for fees associated with the administrative
proceeding regarding the IDEA claims.  Plaintiffs disagree,
arguing the requested rates and billed hours reflect a
reasonable fee that should not be reduced beyond Plaintiffs'
own, self-imposed cuts.

Although the lodestar calculation "produces a presumptively
reasonable fee, that 'does not end the inquiry.  There remain
other considerations that may lead the district court to adjust
the fee upward or downward.'"  United Auto. Workers Local 259
Social Sec. Dept. v. Metro Auto Center, 501 F.3d 283, 292 (3d
Cir. 2007) (quoting Hensley, 461 U.S. at 434).  Instead, the
Supreme Court has explained that when 'a plaintiff has achieved
only partial or limited success, the product of hours reasonably
expended on the litigation as a whole times a reasonable hourly
rate [i.e., the 'lodestar' amount] may be an excessive amount."
Hensley, 461 U.S. at 436.  "In such cases, a reduction in the
fee award is warranted, and '[t]he district court may attempt to
identify specific hours that should be eliminated, or it may
simply reduce the award to account for the limited success.'"
A.S. ex rel. V.S. v. Colts Neck Bd. of Educ., 190 F. App'x. 140,
143 (3d Cir. 2006) (quoting Hensley, 461 U.S. at 436).

In other words, a district court "may adjust a requested legal fee downward based upon the results obtained by counsel for the prevailing party, particularly 'where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief.'"  School District of Philadelphia v. Kirsch, 722 F. App'x. 215, 230 (3d Cir. 2018) (quoting Hensley, 461 U.S. at 434).  "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'"  D.O., on Behalf of M.O. v. Jackson Twp. Bd. of Ed., No. 17-1581 (TJB), 2019 WL 1923388, at *2 (D.N.J. April 30, 2019) (quoting Farrar, 506 U.S. at 114).  Importantly, "[d]istrict courts have wide discretion to determine whether, and by how much, fees should be reduced for lack of success." D'Orazio v. Washington Twp., 501 F. App'x. 185, 188 (3d Cir. 2012).  But as the Supreme Court explained in Hensley, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee ... [and] the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Hensley, 461 U.S. at 435.

Defendant, obviously seeking the largest possible reduction, frames Plaintiffs' lawsuit as a half-win, since "Plaintiffs' success in this matter is limited to the claims raised in this appeal only." (Opposition Br. at 9).  Defendant

22

admits Plaintiffs succeeded on their ADA, NJLAD, and Section 504 claims but argues these issues were tangential and instead emphasizes that the majority of the underlying administrative proceeding centered on Plaintiffs' challenge to the proposed IEPs and whether the school provided J.N. with a FAPE under the IDEA. (Opposition Br. at 9-10). As if to prove this point, Defendant cites to the number of pages of various witnesses' transcripts from the administrative proceeding to demonstrate that the ASP was not the central matter, noting: of the Williams transcript, a mere 96 pages concerned the ASP, while a whopping 71 pages are unrelated; and of the Brennan transcript, only 28 pages concerned the ASP and the remaining 59 pages do not. (Id. at 11-12). Defendant emphasizes that it prevailed on the IDEA claim, proving J.N. was afforded proper FAPE and as Plaintiffs did not seek appellate review from this Court, Plaintiffs should not be awarded attorney's fees for the significant amounts of time spent pursuing the IDEA claims when they were ultimately unsuccessful. (Id. at 10-13). The Court disagrees.

Here, Plaintiffs' IDEA claim, ADA claim, Section 504 claim, and NJLAD claim all arose from Defendant denying J.N. access to an appropriate ASP. The ALJ's opinion plainly spells out how the ASP is the central issue: "Indeed, there is not much dispute as to what occurred here, but whether the evidence, taken as a whole, is sufficient to establish that J.N. received FAPE or

23

whether he was denied due process by the District not incorporating the ASP into his IEP." (ALJ Opinion [Dkt. No. 1-1] at 15). Plaintiffs sought relief in the form of ASP for J.N. as part of his IEP. The ALJ found that J.N. was provided with FAPE and that there were no violations of the ADA and Section 504. Plaintiffs appealed and this Court found clear violations of J.N.'s rights. Specifically, the Court held Defendant violated the ADA, Section 504, and NJLAD by failing to provide J.N. with meaningful access to the ASP and by unnecessarily subjecting J.N. to social isolation.

The Court awarded J.N. compensatory education in the form of a special needs trust in the amount of $26,017.20 and found that Plaintiffs are prevailing parties entitled to attorney's fees.[10] While the original IDEA, ADA, and Section 504 claims were all discrete issues, they all derived from the same, one claim, J.N.'s access to ASP — a claim Plaintiffs unequivocally succeeded on. There is no parsing out the IDEA claim work from

---

[10] Plaintiffs direct the Court to consider that the amount awarded in compensatory education far exceeds Plaintiffs' last settlement demand of $12,300 (plus attorney's fees and costs), thus further demonstrating the degree of success achieved by Plaintiffs' counsel. (Reply Brief [Dkt. No. 47] at 9). While the amount of relief awarded compared to the amount of relief sought is a factor courts consider in evaluating counsel's success, such an analysis is unnecessary here where the record plainly demonstrates that Plaintiffs' counsel succeeded across the board in achieving the relief sought and thus achieved "excellent results" warranting full attorney's fees.

the other claims as they all relate to the relief sought: proper
ASP for J.N.

    Tellingly, as Plaintiffs correctly point out, the IDEA
claims, though unsuccessful at the administrative proceeding
level, were intertwined with the discrimination claims as an
alternative theory of relief, and the entire process of
presenting the IDEA claims was a necessary, prerequisite step to
enable Plaintiffs to pursue their discrimination claims at both
the administrative level and successfully here.  See S.D. v.
Haddon Heights Bd. of Educ., 722 F. App'x 119, 121-25 (3d Cir.
2018).  Defendant does not deny this.[11]  Just as important, this
issue and Defendant's argument are not new; the Court has

---

[11] Rather, Defendant misdirects the Court to consider a case
outside of this district and circuit, K.M. ex rel. Bright v.
Tustin Unified Sch. Dist., 78 F. Supp. 3d 1289, 1306 (C.D. Cal.
2015), where the court reduced a fee award by 50% because
although "the administrative proceeding was related to and
involved overlapping facts with the ADA claim, leading to a
development of the factual record, Plaintiff was unsuccessful in
achieving relief under the IDEA . . . [which] Plaintiff did not
challenge . . . on appeal[, thus, m]uch of Plaintiff's counsel's
time expended on the IDEA administrative proceedings was not
reasonably necessary to achieve success on the ADA claim,
meriting a proportional reduction in fees."  While facially,
this case may appear informative, the Third Circuit's holding in
Rena C. v. Colonial Sch. Dist., 840 F. App'x 676, 682 (3d Cir.
2020)(discussed infra), and partially in S.D., compel this Court
to rule otherwise.  Furthermore, as Plaintiffs correctly point
out, K.M. is not analogous to the present proceedings.  For
example, the plaintiff in K.M. did not assert the discrimination
claims at the administrative hearing and instead first raised
them at her appeal to the district court.  78 F. Supp. 3d at
1293-94.

previously ruled on this issue:

> [T]he District argues Plaintiffs' status as
> a prevailing party is limited to the claims
> raised in its appeal only.  The District
> focuses on the fact that the District
> prevailed on "a vast majority of the
> underlying matter" between Plaintiffs and
> the District.  The District argues "[t]he
> 504 issue present here was, in comparison, a
> tangential issue that was not the focus of
> the hearing" and that Plaintiffs' demand on
> the 504 issue likely exceeds what will
> actually be ordered by the Court and thus
> should impact the prevailing party award.
>
> . . .
>
> This Court agrees that Plaintiffs are
> "prevailing parties" and thus may be awarded
> a certain amount of attorney's fees for
> succeeding on Plaintiffs' claims in this
> Court.  Moreover, this Court agrees with
> Plaintiffs that where, as here, a federal
> statute requires exhaustion, the plaintiff
> is entitled to fees for administrative
> proceedings.
>
> . . .
>
> The District does not argue that exhaustion
> was not required for Plaintiffs' claims and
> instead argues fees related the
> administrative hearing should not be awarded
> because the District prevailed on a the
> I.D.E.A. portion of the appeal and
> Plaintiffs never appealed this decision.
> The District does not direct this Court's
> attention to any case law to support this
> proposition.  The Court finds persuasive the
> case law that awards attorney's fees
> connected to administrative proceedings that
> are a prerequisite to filing suit because
> such hearings are a necessary precursor to
> Plaintiffs' ultimate success on their
> federal claims.  Plaintiffs had to exhaust
> administrative remedies on the IDEA claims

26

> in order to be able to pursue their ADA and
> Section 504 claims in this Court.

K.N., 2021 WL 1138136, at *4 (citations omitted).  Therefore, the Court does not find that Plaintiffs' loss of the IDEA claims at the administrative level and choice to forego the same in this forum should impact the award of attorney's fees.  Again, the IDEA claims were merely an alternative ground for relief, and more importantly, a necessary vehicle to exhaust the administrative process.  Plaintiffs were ultimately successful in obtaining the very relief requested, namely relief from the District's exclusion of J.N. from ASP.  Since Plaintiffs prevailed on every claim raised in this action, counsels' work below, which was a necessary, prerequisite to reach this court, is part and parcel to this successful outcome.  In short, excellent results warrant attorneys' fees in full.  Hensley, 461 U.S. at 435.

Moreover, as Plaintiffs adroitly point out, Defendant's request to isolate issues and their successes in a vacuum (e.g. claims for IDEA, ADA, and Section 504, which are all independent but alternative bases to achieve the same results) for attorneys' fees purposes is expressly rejected by the Third Circuit.  See Rena C. v. Colonial Sch. Dist., 840 F. App'x 676, 682 (3d Cir. 2020) ("When determining a fee award, an important factor that may lead the district court to adjust the fee upward

27

or downward is the prevailing party's degree of success. [Importantly, w]hen a party . . . prevails in an action involving either 'only a single claim' or multiple 'claims for relief' that have 'a common core of facts or . . . based on related legal theories,' the 'lawsuit cannot be viewed as a series of discrete claims.  Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'  In doing so, 'the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.  Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters.'" (quoting Hensley, 461 U.S. at 434-37)).

Accordingly, the Court here finds that Plaintiffs' framing of the outcome in this litigation is entirely accurate. Plaintiffs succeeded in obtaining excellent results, thus there is no basis to reduce the lodestar award.

## CONCLUSION

For the reasons expressed above, Plaintiffs' motion for attorneys' fees [Dkt. No. 44) shall be granted, and Defendant will be ordered to reimburse Plaintiffs in the amount of $100,849.78.

28

An appropriate Order will be entered.


Date: March 1, 2022                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.